UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ALVIN B. TRUESDALE,                     )
                                        )
              Plaintiff,                )
                                        )
       v.                               )        Civil Action No. 08-1862 (PLF)
                                        )
UNITED STATES DEPARTMENT                )
OF JUSTICE, *et al.*,                   )
                                        )
              Defendants.               )
_____)


OPINION

       This matter is before the Court on defendants' motion to dismiss.[1]  The Court has

considered the motion and plaintiff's opposition thereto, and will grant defendants' motion in

part and deny it in part.


II.   BACKGROUND

*A.  Plaintiff's Conviction and Sentence*

       "On February 6, 1992, the grand jury for the United States District Court for the

Western District of North Carolina returned a thirty count indictment against twenty-one

individuals, charging nineteen of them with participation in a conspiracy to possess with intent to

distribute cocaine, in violation of 21 U.S.C. § 846.  The ringleader, Alvin Truesdale, was also

charged with maintaining a CCE [continuing criminal enterprise] in violation of 21 U.S.C. § 848

_____
       [1]       Also before the Court are 13 non-dispositive motions filed by plaintiff, all of
which will be denied.

and several other federal crimes." *United States v. McManus*, 23 F.3d 878, 880-81 (4th Cir. 1994). "At trial, persuasive evidence showed that Alvin Truesdale ran a large drug operation in Charlotte, North Carolina, involving several drug houses and links with drug suppliers in Florida and New York and that each of the appellants here played some role in the conspiracy." *Id.* at 881. "Alvin Truesdale was convicted of the twenty-two charges against him remaining at the time of trial." *Id.* "The district court, applying the United States Sentencing Guidelines, sentenced Alvin Truesdale to life imprisonment plus twenty-five years." *Id.*

Truesdale's CCE and firearms convictions were affirmed on appeal; but the Fourth Circuit "remand[ed] the case to the district court with instructions to vacate his § 846 conspiracy conviction and resentence [him,] and direct[ed] the court to make specific findings with regard to: 1) the amount of cocaine attributable to Alvin Truesdale, and 2) whether the two prior offenses were properly used to calculate his criminal history category." *United States v. McManus*, 23 F.3d at 888. After having conducted a hearing on resentencing, the district court set aside the conspiracy conviction, found that between 50 and 150 kilograms of cocaine were involved, found that the two prior convictions were properly considered in determining Truesdale's criminal history category, and imposed a sentence identical to the sentence originally imposed. *United States v. Truesdale*, 78 F.3d 580 (4th Cir.) (table) (per curiam), *cert. denied*, 517 U.S. 1215 (1996). The Fourth Circuit affirmed the resentencing on appeal. *See id.*

Plaintiff now is serving a term of life imprisonment without parole on Count 1 (CCE); concurrent terms of 20 years' imprisonment on Counts 3-9 (cocaine possession and distribution offenses) and Counts 15-16, 19 and 21-23 (money laundering offenses); concurrent terms of three years' imprisonment on Counts 17, 20 and 24 (money laundering offenses) and

Counts 29-30 (submission of fraudulent tax returns); a term of five years' imprisonment on

Count 10 (using and carrying a firearm during and in relation to a drug trafficking crime) to run

consecutively to Count 1; and a term of 20 years' imprisonment on Count 11 (using and carrying

a firearm during and in relation to a drug trafficking crime) to run consecutively to Count 10.

Pl.'s Resp. to the Defs.' Mot. to Dismiss the Compl. and Mem. of P. & A. in Support Thereof

("Pl.'s Opp'n"), Ex. 3 (Amended Judgment in a Criminal Case, Case No. 3:92CR34-01-P) at 1,

7.

 With the exception of Count 15, all of the offenses concluded on or after

November 1, 1987, the effective date of the Sentencing Reform Act of 1984 ("SRA"), Pub. L.

No. 98-473, § 235(a)(1), 98 Stat. 2031, amended by Pub. L. No. 99-217, § 4, 99 Stat. 1728

(1985). *See* Pl.'s Opp'n, Ex. 3 at 1, 7. Among other things, the SRA eliminated the possibility

of parole for all federal criminal offenses. The CCE statute provided that anyone convicted of

having been a "principal administrator, organizer, or leader of the [continuing criminal]

enterprise or is one of several such principal administrators, organizers, or leaders," if the

quantity of controlled substance exceeded a certain amount and if the enterprise's gross receipts

during any 12-month period exceeded $10 million shall be sentenced to life in prison. *See* 21

U.S.C. § 848(b). Because the money laundering offense in Count 15 concluded in October 1987,

*see* Pl.'s Opp'n, Ex. 3 at 1, plaintiff was eligible for parole on that charge, and, indeed, has been

paroled from the sentence imposed for Count 15 to serve the remaining sentences. *See id.*, Ex. 1

(July 16, 2002 Notice of Action); *see also* Compl. ¶ 17.

### B.  Plaintiff's Complaint

Plaintiff purports to bring this action in part under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and alleges violations of the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Thirteenth Amendments to the United States Constitution.  *See* Compl. ¶ 1.  In addition, he brings claims under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, the Privacy Act, *see* 5 U.S.C. § 552a, and the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. § 2671 *et seq.  See id.*

### 1.  Conclusion Date of the CCE Offense

Count One pertains to the date on which the CCE offense (Count I of the criminal indictment) concluded.  Plaintiff maintains that he is an "old law" offender: he alleges that the CCE offense concluded not later than January 1987, before the effective date of the SRA, and therefore argues that he is eligible for parole.  *See* Compl. ¶¶ 10-11, 15.  According to plaintiff, the Federal Bureau of Prisons ("BOP"), its Director, the former Attorney General of the United States, the United States Parole Commission ("USPC") and its members, and other federal government employees fail to recognize his status as an "old law" offender and that, as a result, his sentence is calculated incorrectly and he is improperly denied parole consideration.  *Id.* ¶¶ 11-20, 22-25.  In addition, he alleges that the defendants "negligently and unlawfully programmed the [BOP's] SENTRY database with false information . . . claiming several different dates for [his] old law charge," all of which fall after November 1, 1987.  *Id.* ¶ 9; *see id.* ¶ 25.

### 2.  Claims Regarding Government Records

Counts Two, Three and Four of plaintiff's complaint pertain to defendants' alleged failure to maintain a repository of records of convictions (such as plaintiff's conviction under 21 U.S.C. § 848) as required under 18 U.S.C. § 6332, their refusal to release records under the FOIA, and their failure to maintain the records themselves with the accuracy, completeness, and timeliness required under the Privacy Act.  *See* Compl. ¶¶ 32-43, 46-48, 51-57.  Plaintiff brings these claims against the individual defendants in their individual capacities under *Bivens*, as well as against the United States Department of Justice ("DOJ") and the BOP.

### 3.  Tort Claims

In Count Four, plaintiff alleges that defendants negligently and unlawfully failed to establish a repository of records of convictions as required under 18 U.S.C. § 6332.  *See* Compl. ¶¶ 60-62.  Plaintiff also alleges that BOP staff negligently accepted as true or failed to verify any document or other record reflecting plaintiff's charge or conviction of any drug trafficking offense or violent offense concluding on February 15, 1998.  *See id.* ¶¶ 63-68.

With respect to all claims, plaintiff demands monetary damages.  Compl. ¶ 30; *see id.* ¶¶ 44, 58, 69.  With respect to the FOIA claims, he demands the immediate release of unredacted records pertaining to his criminal convictions, *id.* ¶ 44, and the establishment of a repository of records under 18 U.S.C. § 6332.  *Id.* ¶ 49.  Under the Privacy Act, plaintiff demands injunctive relief requiring the BOP "to immediately program [its] SENTRY data base and/or adjust [its] records to show the correct date for Count 1 of [plaintiff's] old law charge and conviction is January 1987," and to recalculate his sentence accordingly.  *Id.* ¶ 30.

## II.  DISCUSSION

### *A.  Review Under Rule 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (other citations omitted).  Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.  As the Supreme Court recently stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  A complaint alleging facts that are "'merely consistent with' a defendant's liability, . . .

'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 557) (brackets omitted).

> B. *The Doctrine of Collateral Estoppel Bars Relitigation of the
> Issue of the Date on Which the CCE Offense Concluded*

Defendants argue that plaintiff's complaint must be dismissed as barred by the

doctrine of collateral estoppel. *See* Defs.' Mot. at 7-10.

"Under collateral estoppel, once an issue is actually and necessarily determined by

a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a

different cause of action involving a party to the prior litigation." *Montana v. United States*, 440

U.S. 147, 153 (1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)); *see*

*Ashe v. Swenson*, 397 U.S. 436, 443-44 (1970); *Agudas Chasidei Chabad of United States v.*

*Russian Fed'n*, 528 F.3d 934, 943 (D.C. Cir. 2008) ("Issue preclusion can be applied only as to

an issue resolved against the party sought to be estopped and necessary to the judgment."). "The

Supreme Court has defined issue preclusion to mean that 'once a court has decided an issue of

fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit

on a different cause of action involving a party to the first case.'" *Yamaha Corp. of Am. v.*

*United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen v. McCurry*, 449 U.S. 90, 94

(1980)), *cert. denied*, 506 U.S. 1078 (1993). "To preclude parties from contesting matters that

they have had a full and fair opportunity to litigate protects their adversaries from the expense

and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on

judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United*

*States*, 440 U.S. at 153-54.

As the District of Columbia Circuit has stated:

> Collateral estoppel requires three elements . . . [1], the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case[; 2], the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case [; and] [3], preclusion in the second case must not work a basic unfairness to the party bound by the first determination.

*Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d at 254); *Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983). "[O]nce an *issue* is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case." *Citizen Potawatomi Nation v. Salazar*, 624 F. Supp. 2d 103, 119 (D.D.C. 2009) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d at 254 (emphasis in original)); *Bailey v. DiMario*, 925 F. Supp. 801, 810 (D.D.C. 1995). Defendants demonstrate that the issue of the date on which the CCE concluded has been litigated and resolved against plaintiff in a habeas corpus action filed under 28 U.S.C. § 2241 in the United States District Court for the Western District of Louisiana. *See Truesdale v. Menifee*, Civ. No. 05-1308-A (W.D. La. Mar. 27, 2006) (Judgment), *aff'd*, 243 Fed. Appx. 827 (5th Cir. June 27, 2007) (per curiam), *cert. denied*, __ U.S. __, 128 S.Ct. 949 (2008).[2]

In his habeas corpus action in Louisiana, plaintiff alleged that he was held unlawfully because the respondents failed to recognize his "old law" status with respect to the

---

[2]     The Court may take judicial notice of the records of another court. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216-17 (D.D.C. 2002). Defendants attach a copy of the Magistrate Judge's Report and Recommendation and the Judgment as exhibits to their motion to dismiss. *See* Defs.' Mot., Ex. 1-2. Plaintiff attaches a copy of the district court's April 18, 2006 Order denying his request for reconsideration or to alter or amend the judgment as an exhibit to his opposition. *See* Pl.'s Opp'n, Ex. 2.

CCE conviction (Count I of the criminal indictment), because the respondents changed the date

of the CCE offense in BOP's SENTRY database such that the offense date erroneously appears

as later than January 1987, and because the BOP and the USPC failed to consider him for parole

on the CCE sentence.  *Truesdale v. Menifee*, No. 05-1308-A, slip. op. at 5-6, 8-9 (W.D. La. Jan.

20, 2006) (Magistrate Judge Report and Recommendation).  The court identified "the linchpin of

[plaintiff's] claims [as] his assertion that the CCE ended prior to the effective date of the [SRA],"

and flatly rejected the argument based on "the evidence submitted by [plaintiff] himself," as well

as the facts of the underlying criminal case as reported in the Fourth Circuit's opinion affirming

plaintiff's convictions.  *Id.*, slip. op. at 10, *see id.* at 11-13 (quoting *United States v. McManus*,

23 F.3d at 878, 881, 884).  In relevant part, the Report and Recommendation stated:

> The Indictment, with regard to the CCE charge in Count I clearly stated that the offense occurred, "From January 1987, and continuing thereafter, until the present . . ." The Indictment was filed on February 6, 1992.  Further, the Amended Judgment dated January, 1995 specifically states that the CCE offense, set forth as Count I, concluded in February, 1992.

> * * *

> Thus, as can be seen from the [Fourth Circuit's] recitation of facts, the acts supporting the CCE masterminded by [plaintiff] occurred for a period of time which, though commencing before the effective date of the SRA, continued up to the date that [plaintiff] and his cohorts were indicted, arrested, and brought to justice.  Further, while the SRA applies only to offenses committed after November 1, 1987, it most definitely applies to continuing offenses in which acts comprising the crime occur both before and after [the SRA's] effective date.

> [Plaintiff's] claims to the contrary are simply not supported by the record he himself has submitted.  Further, . . . [plaintiff] faults the BOP and the [USPC] for their failures to "recognize" his Old Law status, for "changing" the date of the offense, and for violating their

> "duty" to make a fact finding independent of the trial court's findings with respect to the dates of the offense in question.
>
> Of course, these allegations have support neither in fact nor law.  Neither the BOP nor the [USPC] "changed" the dates of the offense.  Further, [plaintiff] has pointed to no law, statutory or jurisprudential, which imposes a duty on these agencies to question the findings of the United States Courts.

*Id.*, slip. op. at 10, 13-14 (emphasis in original) (internal citations omitted).  The district court adopted the Magistrate Judge's Report and Recommendation in full, denied and dismissed the habeas petition with prejudice, and entered judgment in respondents' favor.  *See Truesdale v. Menifee*, Civ. No. 05-1308-A (W.D. La. Mar. 27, 2006) (Judgment).

Plaintiff counters first by asserting that defendants "made themselves available sub judice after taken [sic] it upon themselves to reopen the discussion concerning (among other things) their unlawful establishment of a false date of offense in-regard to Count 1 (February 15, 1998) and . . . to erroneously compute [plaintiff's] old law conviction on Count 1 as a new law conviction without any direction from his sentencing court or judge."  Pl.'s Opp'n at 9 (emphasis in original).  For example, the USPC and the sentencing court use the date of February 1992, *see id.*, Ex. 1 (July 16, 2002 Notice of Action), Ex. 3 (Amended Judgment in a Criminal Case, Crim. No. 3:92CR34-01-P) at 1.  Plaintiff alleges that BOP's SENTRY database has been "unlawfully programmed . . . to show the date of Count 1 of TRUESDALE's old law charge and conviction concluded February 15, 1988[.]"  Compl. ¶ 25.  Here, plaintiff appears to argue that, because different dates of conclusion for the CCE appear in various records, the issue of the CCE end date has not been resolved.  *See id.* at 6, 9.  In his view, it follows that the habeas ruling does not preclude consideration of the CCE conclusion date here.

10

Second, plaintiff argues that the habeas corpus action has no preclusive effect because the Western District of Louisiana did not issue its ruling on the merits.  Pl.'s Opp'n at 6. Specifically, he argues that the court did not consider his objections to the Magistrate Judge's Report and Recommendation, *see id.* at 6-7, and that he did not have a full and fair opportunity to litigate the issue.  *Id.* at 10-11.  Neither argument is persuasive.

Without question, the issue of the date on which the CCE concluded actually has been litigated, and its resolution was essential to the Western District of Louisiana's ruling on plaintiff's habeas corpus petition.  The SRA "eliminated the possibility for parole for convicts such as [plaintiff] convicted of violations of 21 U.S.C. §848 . . . if it can be determined that the criminal conduct in question occurred subsequent to the effective date of the [SRA]."  *Truesdale v. Menifee*, No. 05-1308-A, slip. op. at 9 (W.D. La. Jan. 20, 2006).  The court in Louisiana found that the CCE commenced prior to November 1, 1987 and concluded upon plaintiff's indictment in February 1992.  As long as the date of the continuing criminal enterprise concluded after November 1, 1987, the SRA applies.  Morever, the court reached its decision after having considered plaintiff's objections to the Magistrate Judge's Report and Recommendation.  *See Truesdale v. Menifee*, Civ. No. 05-1308-A (W.D. La. Mar. 27, 2006) (Judgment).

This Court concludes that the issue of the date on which the CCE concluded is barred under the doctrine of collateral estoppel.

## C.  *Plaintiff's FOIA, Privacy Act, and Bivens Claims Against the Individual Defendants Must Be Dismissed*

Plaintiff ties defendants' violations of the FOIA and the Privacy Act to their alleged failure to maintain a repository of records under 18 U.S.C. § 3662 pertaining to his CCE

conviction.  *See* Compl. ¶¶ 46-49, 51-58.  This provision authorizes the Attorney General "to establish in the [DOJ] a repository for records of convictions and determinations of the validity of such convictions."  18 U.S.C. § 3662(a).  The repository's records are not public records, 18 U.S.C. § 3662(c), but they "shall be prima facie evidence in any court of the United States . . . that the convictions occurred and whether they have been judicially determined to be invalid on collateral review."  18 U.S.C. § 3662(c)(3).  Plaintiff purports to hold defendants liable in their individual capacities under *Bivens* for their collective failure to maintain and produce records on his request from this repository.  *See* Compl. ¶¶ 33, 37-38, 46-48.  His reliance on *Bivens* and on 18 U.S.C. § 3662 is misplaced.

Plaintiff alleges that defendants "knowingly, willfully, [and] intentionally . . . refused to turn-over all responsive material as a result of TRUESDALE's Freedom of Information Act request for a copy of any and all records that show the Attorney General . . . established in the Department of Justice a repository of records of TRUESDALE's 21 U.S.C. § 848 conviction pursuant to 18 USC § 3662(a)(c)(3)(d) [sic]," Compl. ¶ 46; *see id.* ¶¶ 32-33, 47, in violation of his First and Fifth Amendment rights.  *Id.* ¶¶ 32-33.  Insofar as plaintiff challenges a federal agency's failure to release records maintained by the agency upon his FOIA request, the FOIA is his sole remedy, and the only proper defendant is the United States Department of Justice.  A *Bivens* remedy is not available where a statute provides a "comprehensive system to administer public rights," *Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir. 1988) (en banc), and the FOIA represents such a statutory scheme.  *Johnson v. Executive Office for United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002); *accord Barbosa v. Drug Enforcement Admin.*, 541 F. Supp. 2d 108, 110 n.1 (D.D.C. 2008).  Nor can plaintiff sustain a *Bivens* claim against the

12

Attorney General, BOP's Director, or any other federal government employee in his individual capacity for a FOIA violation, because the FOIA does not permit claims against individual federal officers.  *See, e.g., Isasi v. Office of the Attorney General*, 594 F. Supp. 2d 12, 14 (D.D.C. 2009).

Similarly, insofar as plaintiff alleges defendants' willful and intentional failure "to maintain a repository of records of TRUESDALE's 21 U.S.C. § 848 conviction with such accuracy, relevance, timelessness, and completeness as is necessary to assure fairness in any determination relating to the qu[a]lification, character, rights, or opportunities of, or benefits to the plaintiff/TRUESDALE that may be made on the basis of such records," Compl. ¶ 55, the claim falls exclusively "within the remedial scheme of the Privacy Act [.]"  *Chung v. United States Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003).  The Privacy Act authorizes a cause of action against federal agencies only, and plaintiff cannot sustain a Privacy Act claim against any federal government official in his individual capacity.  *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *Armstrong v. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997).

The complaint fails to state FOIA, Privacy Act, and *Bivens* claims upon which relief may be granted against the individual defendants.  Therefore, these claims and parties will be dismissed.

### D.  Plaintiff Has Exhausted One FOIA Claim

Defendants argue that plaintiff's FOIA claim is subject to dismissal because he failed to exhaust administrative remedies prior to the filing of the instant lawsuit.  Defs.' Mot. at 13-14.[3]

"Exhaustion of administrative remedies is generally required before seeking judicial review" under the FOIA.  *Wilbur v. Central Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam).  Exhaustion allows "the agency [] an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."  *Id.* (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)).  Exhaustion under the FOIA is not a jurisdictional requirement, *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), but instead is a prudential consideration.  *Wilbur v. Central Intelligence Agency*, 355 F.3d at 677.  If a requester has not exhausted his administrative remedies prior to the filing of a civil action, his claim is subject to dismissal.  *See Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d at 1258.

Plaintiff alleges that defendants "refused to turn-over all responsive material as a result of [his FOIA] request for a copy of any and all records that show the Attorney General of the United States established in the Department of Justice a repository of records of [his] 21 U.S.C. § 848 conviction pursuant to 18 [U.S.C.] § 3662(a)(c)(3)(d) [sic]."  Compl. ¶ 47.  The pleading refers to only one FOIA request, a request to which plaintiff received a response on

---

[3]     Defendants also argue that plaintiff "is attempting to re-litigate FOIA claims already fully adjudicated in <u>Truesdale v. Ashcroft et al.</u>, Case No. 1:03-cv-01132-GK (D.D.C.)."  Defs.' Reply at 5.  The Court has reviewed the FOIA requests at issue in the two cases, and it is unclear that the request in this case "is essentially the same," *id.*, as defendants suggest.

February 22, 2006.  *Id*. ¶ 32.  In response to defendants' exhaustion argument, plaintiff submits a

copy of the BOP's response to FOIA Request No. 2004-02303:

> This is in response to your [FOIA] request for a copy of all documents that show[] the Attorney General has established in the Department of Justice a repository of records of requester's CCE (21 USC § 848) conviction.  Also all records that determine the validity of said conviction [sic].
>
> We are uncertain as to what documents you are seeking from this agency.  If you are seeking information about your conviction you can gain access to your central file at the institution.  Otherwise we cannot conduct an adequate search for the information you provided here.

Pl.'s Opp'n, Ex. 4 (September 27, 2004 letter from W.M. Hunt, Chief, FOIA/PA Section, BOP).

This determination was affirmed on administrative appeal.  *See id.* at 16 & Ex. 6 (February 22,

2006 letter from M.A. Pustay, Deputy Director, Office of Information and Privacy, DOJ).

Although plaintiff apparently has filed other FOIA requests, *see* Pl.'s Opp'n, Ex. 7

(June 22, 2007 letter from J. Campbell, Supervisory Attorney, Southeast Regional Office, BOP,

regarding FOIA Request No. 07-4151); Ex. 10-11 (August 20, 2008 FOIA requests to the

Executive Office for United States Attorneys and to the United States Attorney's Office for the

Western District of North Carolina; correspondence regarding Request No. 08-3036), these

requests are not mentioned in the complaint and therefore are not considered further.

Plaintiff has demonstrated that he has exhausted his administrative remedies with

respect to FOIA Request No. 2004-02303, thus defeating defendants' motion to dismiss as to this

claim.

15

*E.  Plaintiff's Privacy Act Claim Survives Defendants' Motion to Dismiss*

It appears that plaintiff's Privacy Act claim arises from: (1) the existence of DOJ and BOP records, particularly those maintained in BOP's SENTRY database, which reflect the fact of his CCE conviction and its conclusion date after November 1, 1987; and (2) defendants' refusal to correct these records to show January 1987 as the date on which the CCE offense concluded.  He demands amendment of the SENTRY records "to show the correct date for Count 1 of TRUESDALE's old law charge and conviction is January 1987."  Compl. ¶ 30.

> Subsection (e)(5) of the Privacy Act requires that an agency: maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5).  An individual may access an agency's records or information in a system of records pertaining to him, and may request amendment of records pertaining to him.  *See* 5 U.S.C. § 552a(d).  In addition, he may file a civil action against an agency that refuses to amend its records upon request or fails to maintain its records with the requisite level of accuracy and completeness.  *See* 5 U.S.C. § 552a(g); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) (stating that subsection (g) provides civil remedies for violations of subsection (e)(5)).

Notwithstanding the relief ostensibly available under the Privacy Act, the head of an agency may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act, *except* subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole

16

> authorities, and which consists of . . . reports identifiable to an
> individual compiled at any stage of the process of enforcement of the
> criminal laws from arrest or indictment through release from
> supervision.

5 U.S.C. § 552a(j)(2).  Pursuant to this authority, regulations exempt BOP's Inmate Central

Records System (JUSTICE/BOP-005), among other systems of records, from subsections (d) and

(g) of the Privacy Act.  *See* 28 C.F.R. § 16.97(a)(1), (4).  In addition, under 5 U.S.C. § 552a(j)(2),

BOP's Inmate Central Records System is exempt from subsection (e)(5), that is, the accuracy

provision of the Privacy Act.  *See* 28 C.F.R. § 16.97(j); *see also* 28 C.F.R. § 16.97(k)(2).

Defendants argue that, insofar as plaintiff demands amendment of any record maintained in the

Inmate Central Records system, this relief is unavailable.  *See* Defs.' Mot. at 15-17.

Plaintiff, however, demands amendment of BOP's SENTRY database, and it is

not clear whether SENTRY is among those systems of records exempt from the Privacy Act's

amendment and accuracy provisions.  For this reason, defendants' motion to dismiss will be

denied without prejudice.

### F.  The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Tort Claims

Defendants construe plaintiff's negligence claims as tort claims against the United

States under the FTCA, and move to dismiss them on the ground that this Court lacks subject

matter jurisdiction.  *See* Defs.' Mot. at 17-18.

"It is axiomatic that the United States may not be sued without its consent and that

the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S.

206, 212 (1983).  Generally, the FTCA provides that the "United States shall be liable [for tort

claims] in the same manner and to the same extent as a private individual under like

17

circumstances." 28 U.S.C. § 2674(a).  It operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).  For example, "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," *id.* at 475, as well as to their employees where such employees are sued in their official capacities, *see id.* at 483-86.

        According to plaintiff, defendants' negligence amounts to the violation of rights protected under the First, Fourth, Fifth, Sixth, Seventh, Eighth and Thirteenth Amendments to the United States Constitution.  *See* Compl. ¶¶ 1, 63 (referring to the negligence of DOJ employees alleged in ¶¶ 8-30).  Because the FTCA does not waive liability for constitutional torts, plaintiff's FTCA claim cannot survive the defendants' motion to dismiss.  *See, e.g., Jones v. Delaney*, 610 F. Supp. 2d 46, 49-50 (D.D.C. 2009) (dismissing complaint against the United States Department of Justice, the Federal Bureau of Investigation, and the United States Marshals Service and any of its agents sued in his official capacity, and dismissing these defendants from the case because they are immune from suit).

## III.   CONCLUSION

        Plaintiff's *Bivens* claims against all individual defendants are dismissed, and defendants Michael B. Mukasey, Alberto Gonzales, Harley G. Lappin, Edward R. Reilly, Jr., Thomas W. Hutchinson, Steve Husk, Adrienne Poteat, Wanda M. Hunt, Melanie Ann Pustay, and "John and Jane Doe" are dismissed as party defendants.  Because plaintiff already has

litigated in the United States District Court for the Western District of Louisiana the issue of the

date on which the CCE concluded, the doctrine of collateral estoppel bars plaintiff from

relitigating this same issue here.  Plaintiff's FTCA claim must be dismissed for lack of subject

matter jurisdiction because the United States has not waived sovereign immunity for

constitutional torts.  For these reasons, defendants' motion to dismiss will be granted in part and

denied in part.  Only plaintiff's FOIA and Privacy Act claims against the DOJ survive.

       An Order consistent with this Opinion will be issued this same day.


           /s/_____
           PAUL L. FRIEDMAN
DATE:   September 29, 2009     United States District Judge