UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ALVIN B. TRUESDALE,                 )
                                    )
       Plaintiff,                  )
                                    )
v.                                  )   Civil Action No. 08-1862 (PLF)
                                    )
UNITED STATES DEPARTMENT            )
OF JUSTICE, *et al.*,               )
                                    )
       Defendants.                 )
_____ )


OPINION

        In its September 29, 2009 Opinion and Order, the Court dismissed all defendants except the United States Department of Justice ("DOJ" or "defendant"), and dismissed all but two claims: one under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, with regard to FOIA Request No. 2004-02303 addressed to the Federal Bureau of Prisons ("BOP"), and another under the Privacy Act, 5 U.S.C. § 552a, with regard to plaintiff's demand for amendment of records maintained in the BOP's SENTRY database. *See Truesdale v. United States Dep't of Justice*, 657 F. Supp. 2d 219, 227-29 (D.D.C. 2009). The DOJ has filed a renewed motion to dismiss or, in the alternative, for summary judgment addressing these remaining claims. Having considered the motion, plaintiff's opposition, and the entire record in this case, the motion will be granted in part and denied in part.

## I. DISCUSSION

### A. *Summary Judgment Standard*

The Court grants a motion for summary judgment if the pleadings, the discovery and disclosure materials on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 74 (D.D.C. 2003). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. &*

*Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. FOIA Request No. 2004-02303

According to the BOP, on December 24, 2003, it received plaintiff's request for "a copy of all documents showing the Attorney General has established in the [DOJ] a repository of records of [plaintiff's] 21 U.S.C. § 848 conviction, and all records that determine the validity of said conviction." Defendant's Memorandum of Points and Authorities in Support of its Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Mem."), Declaration of Roy Lathrop ("Lathrop Decl.") ¶ 4. Defendant does not submit a copy of the request.

In response to this request, the BOP notified plaintiff that it was "uncertain as to what documents [he was] seeking." Def.'s Mem., Lathrop Decl., Ex. A. For this reason, "no search was conducted in relation to [the] request." *Id.*, Lathrop Decl. ¶ 11. Further, the BOP advised plaintiff that, to the extent he sought information about his conviction, such information would be found in his inmate central file. *Id.*, Ex. A. The DOJ's Office of Information and Privacy ("OIP"), the office to which administrative appeals are directed, affirmed the BOP's determination. *Id.*, Ex. B (February 22, 2005 letter from M. Pustay, OIP, regarding Appeal No. 05-0522). It reiterated that "the only information regarding [plaintiff's] conviction . . . maintained by the BOP is located in [his] central file at the institution," and that "it maintains no other material responsive to [the] request." *Id.*[1]

---

[1] To the extent that plaintiff sought "records pertaining to [his] prosecution and conviction," OIP staff suggested that he "submit a request directly to the Executive Office for United States Attorneys." Def.'s Mem., Lathrop Decl., Ex. B.

3

Plaintiff submits in his opposition to the DOJ's motion a copy of correspondence, dated August 28, 2003, directed to the Freedom of Information Act Privacy Act Referral Unit at the DOJ's Washington, D.C. headquarters. *See* Memorandum of Points and Authorities in Support of Plaintiff[] Alvin B. Truesdale['s] Response to the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Pl.'s Opp'n"), Ex. 9 (letter to the Director of the Freedom of Information Act Privacy Act Referral Unit, DOJ). It is a request for:

> A copy of any and all documents that shows the Attorney General of the United States established in the Department of Justice a repository of records of requester['s] CCE (21 USC § 848) conviction and all records that determine the [v]alidity and/or the invalidation of said conviction.
>
> A copy of any and all certified records of the requester's CCE conviction that shows the [i]nvalidation and validity of said conviction. See 18 USC § 3661(a)(b)(c) [sic].

*Id.*

Although plaintiff identifies this August 28, 2003 letter as the FOIA request later assigned Request No. 2004-2303 by the BOP, he denies having submitted a request for this information to the BOP or to its Director; rather, he states that the request was intended for the United States Attorney General. Pl.'s Opp'n at 2.[2] And because plaintiff maintains that the August 28, 2003 letter was intended as a request for records maintained by the United States Attorney General, *id.*, he objects to its referral to the BOP without the agency sending him a notice of referral pursuant to 28 C.F.R. § 16.4(f), *id.* at 2-3. In addition, plaintiff maintains that

---

[2] Plaintiff then directs the Court's attention to FOIA Request No. 07-04151, which he sent "directly to the [BOP] . . . for BOP records," Pl.'s Opp'n at 3, notwithstanding the Court's prior ruling that only FOIA Request No. 2004-02303 may proceed. If plaintiff challenges the DOJ's response, or lack of response, to any request other than FOIA Request No. 2004-02303, he may pursue his challenge in a separate lawsuit.

his request "reasonably describes the records he seek[s]," and that the description set forth in his request "is sufficient for the United States Attorney General or a professional employee that work[s] in the [Attorney General's Office] who is familiar with the subject area of the request to locate the records with a reasonable amount of effort." *Id.* at 14. Consequently, plaintiff asserts, defendant "is required to conduct a search in 2004-02303." *Id.*

Generally, the FOIA requires than an agency promptly release records to a requester as long as his request "reasonably describes such records and . . . is made in accordance with published rules . . . and procedures to be followed" in submitting the request. 5 U.S.C. § 552(a)(3)(A). If the requested records are in the agency's possession, it cannot refuse to act on the request because the records originated elsewhere. *McGehee v. Cent. Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983). The FOIA also contemplates consultation with or the referral of a request to "another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii)(III).

DOJ regulations provide that a requester "may make a request for records of the [DOJ] by writing directly to the . . . component that maintains those records." 28 C.F.R. § 16.3(a). If the requester "cannot determine where within the [DOJ] to send [his] request, [he] may send it to the FOIA/PA Mail Referral Unit, Justice Management Division, U.S. Department of Justice, 950 Pennsylvania Avenue, NW., Washington, DC 20530-0001, [and that] office will forward [the] request to the component(s) it believes most likely to have the [requested] records." *Id.* If a DOJ component receives a request for records in its possession and determines that "another component, or another agency of the Federal Government, is better able to determine

5

whether the record is exempt from disclosure under the FOIA," it may "[r]efer the responsibility for responding to the request . . . to the component best able to determine whether to disclose it, or to another agency that originated the record (but only if that agency is subject to the FOIA)." 28 C.F.R. § 16.4(c). If a referral is made, the referring component "ordinarily shall notify the requester of the referral and inform [him] of the name of each component or agency to which the request has been referred and of the part of the request that has been referred." 28 C.F.R. § 16.4(f).

Under the FOIA the Court may compel disclosure of agency records only if they were improperly withheld. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 137-38 (1980). A referral procedure may constitute an improper withholding "if its net effect is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them," *McGehee v. Cent. Intelligence Agency*, 697 F.2d at 1110, and a withholding of this sort is improper "unless the agency can offer a reasonable explanation for its procedure." *Id.*

Defendant does not explain the route by which plaintiff's August 28, 2003 letter, apparently sent to the Attorney General, made its way to the BOP or indicate whether the Referral Unit forwarded the request to the BOP and/or another DOJ component. If the request was referred, the DOJ neither identifies the component or components responsible for responding to the request nor states whether it notified plaintiff of the referral. Assuming that the DOJ Referral Unit staff did refer plaintiff's request to the BOP, defendant does not articulate its interpretation of the request or otherwise explain why the BOP was deemed the component best able to process the request, whether it also sent the request to any other component, and if not,

6

why not. The Court cannot determine on the current record whether the DOJ has improperly withheld records responsive to FOIA Request No. 2004-2303. *See Peralta v. United States Attorney's Office*, 136 F.3d 169, 175 (D.C. Cir. 1998) (remanding for a determination of whether a DOJ component justified the referral of records to another component for processing); *see also Hall v. Cent. Intelligence Agency*, 668 F. Supp. 2d 172, 182 (D.D.C. 2009) (concluding that a two-year delay brought about by the referral of records to unidentified agencies without any effort by the CIA to ensure that referrals had been processed constituted an improper withholding); *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 70 (D.D.C. 2008) (concluding that the U.S. Secret Service's referral of documents to the Court Services and Offender Supervision Agency constituted an improper withholding because in effect the referral significantly increased the amount of time plaintiff had to wait for a response to his FOIA request). For these reasons, the DOJ's motion will be denied in part without prejudice.

### C. Privacy Act Claim

Among other sentences, plaintiff now is serving a term of life imprisonment upon his conviction for operating a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848. *See* Plaintiff Alvin B. Truesdale[']s Response to the Defendant[']s Motion to Dismiss the Complaint and Memorandum of Points and Authorities in Support Thereof [Dkt. # 30], Ex. 3 (Amended Judgment in a Criminal Case, Case No. 3:92CR34-01-P) at 1-2; *see also United States v. Truesdale,* 78 F.3d 580 (4th Cir.) (table) (per curiam), *cert. denied,* 517 U.S. 1215 (1996). Because the CCE offense concluded after the effective date of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 235(a)(1), 98 Stat.2031, amended by Pub. L. No. 99-217, § 4,

99 Stat. 1728 (1985), which eliminated parole in the federal system, plaintiff is ineligible for parole on the CCE sentence. Plaintiff alleges that defendant "knowingly, willfully, [and] intentionally . . . failed to maintain a repository of records of [his] 21 U.S.C. § 848 conviction with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the . . . rights . . . of . . . plaintiff . . . that may be made on the basis of such records, and consequently made a determination which was/is adverse to [him]." Complaint ¶ 55. Among other relief, plaintiff demands that defendant "immediately program [its] SENTRY data base and/or adjust [its] records to show the correct date for Count 1 of [his] old law charge and conviction is January 1987[,]" *id.* ¶ 30, that is, to reflect that the CCE offense concluded before the effective date of the Sentencing Reform Act, and that the BOP recalculate his sentence accordingly. *See id.*

> Subsection (e)(5) of the Privacy Act requires that an agency
>
> > maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5). An individual may access an agency's records or information in a system of records pertaining to him, and may request amendment of records pertaining to him. *See* 5 U.S.C. § 552a(d). In addition, he may file a civil action against an agency which refuses to amend its records upon request or fails to maintain its records with the requisite level of accuracy and completeness. *See* 5 U.S.C. § 552a(g); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) (stating that subsection (g) provides civil remedies for violations of subsection (e)(5)).

Notwithstanding the relief ostensibly available under the Privacy Act, an agency's Director may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act, *except* subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . <u>correctional</u>, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual <u>compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision</u>.

5 U.S.C. § 552a(j)(2) (emphasis added). Pursuant to this authority, regulations exempt the BOP's Inmate Central Record System (JUSTICE/BOP-005), among other systems of records, from subsections (d) and (g), the amendment and remedies provisions, of the Privacy Act. *See* 28 C.F.R. § 16.97(a)(4). In addition, under 5 U.S.C. § 552a(j)(2), BOP's Inmate Central Record System is exempt from subsection (e)(5), the accuracy provision of the Privacy Act. *See* 28 C.F.R. § 16.97(j), (k)(2). The latter provision became effective on August 9, 2002. *See* Privacy Act of 1974 [, Pub. L. No. 93-579, 88 Stat. 1896 (1974)]; Implementation, 67 Fed. Reg. 51,754 (Aug. 9, 2002) (final rule); *see also Gutierrez v. Maye*, No. A-09-CA-225-LY, 2009 WL 3584646, at *5 (W.D. Tex. Oct. 26, 2009).

Defendant represents that the BOP SENTRY database "is not currently a published system of records." Def.'s Mem., Lathrop Decl. ¶ 13. Rather, SENTRY is "an electronic media application that is obtained from the multiple BOP published systems of records," and "is keyed into this database so that BOP employees can easily access certain inmate

9

information nationwide." *Id.*[3] Defendant's declarant further explains that the information plaintiff "seeks to have amended in the 'SENTRY' database is <u>compiled only from sentence computation information data stored in the Inmate Central File</u>." *Id.* ¶ 15 (emphasis added). Thus, defendant argues that plaintiff fails to state a claim under the Privacy Act because the source of sentence computation information in SENTRY is the Inmate Central Record System, a system of records that is exempt from the amendment and accuracy provisions of the Privacy Act. Def.'s Mem. at 12-13. Moreover, the BOP notes that plaintiff already has litigated the issue of the date on which the CCE offense concluded, foreclosing the possibility of amendment. *Id.* at 13.

Plaintiff makes two arguments worthy of consideration. First, he states that he sought amendment of BOP records pertaining to the date on which the CCE offense concluded before 2002, yet defendant still "used [the] SENTRY database to disseminate or relay the false information." Pl.'s Opp'n at 6. He argues that "the grandfather clause . . . prohibit[s] this Court from applying subsection (j) and (k) to his case." *Id.* at 7. Because he had been allowed to contest the accuracy of sentencing-related information before 28 C.F.R. § 16.97(j) and (k)

---

[3] The declarant distinguishes the current version of SENTRY as an unpublished system of records, and notes that the BOP "has recently drafted a System of Records Notice that, once published, will recognize 'SENTRY' as a system of records." Def.'s Mem., Lathrop Decl. ¶ 14. Presumably the declarant is alluding to the requirement that each agency subject to the Privacy Act "publish in the Federal Register upon establishment . . . a notice of the existence and character of the system of records," 5 U.S.C. § 552a(e)(4), and thereby defendant suggests that the lack of a publication notice establishing SENTRY as a system of records precludes plaintiff's claim. It is not at all clear that the existence of a publication notice determines whether SENTRY is a "system of records," a term meaning "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual" for purposes of the Privacy Act. 5 U.S.C. § 552a(a)(5).

became effective, he maintains that he should be allowed to pursue his Privacy Act claims at this time. *Id.* at 8. Relying on *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992), plaintiff contends that the BOP was obligated to verify the records on which the sentence computation was made. *See id.* His reliance on *Sellers* is misplaced, however, "as it was decided before the Bureau of Prisons exempted the relevant system of records from the accuracy provision." *Lane v. Fed. Bureau of Prisons*, No. 09-5228 (D.C. Cir. Jan. 7, 2010) (per curiam). Plaintiff cites no authority for the proposition that he need not be subjected to a duly promulgated and published administrative regulation simply because he demands amendment of records in existence before the effective date of that regulation.

Next, plaintiff points out that the BOP may "<u>waive</u> any applicable exemption(s)." Pl.'s Opp'n at 7 (emphasis in original). In relevant part, 28 C.F.R. § 16.97(k)(2) provides:

> Where compliance would not appear to interfere with or adversely affect the law enforcement process, and/or where it may be appropriate to permit individuals to contest the accuracy of the information collected, e.g. public source materials, or those supplied by third parties, <u>the applicable exemption may be waived</u>, either partially or totally, by the [BOP].

*Id.* (emphasis added). "[I]t is BOP's decision to waive the exemption," however, *Clow v. Fed. Bureau of Prisons*, No. 08cv01121, 2008 WL 2885781, at *1 (D.D.C. July 25, 2008), and the BOP has not done so in this case. Plaintiff cites no authority for the proposition that the Court can require a waiver. "Because plaintiff 'does not challenge the BOP's authority to exempt its records, and the BOP did not expressly waive the exemption, the Court concludes that the exemption applies." *Id.*, 2008 WL 2885781, at *1 (internal citation and quotation marks omitted); *see Simpson v. Fed. Bureau of Prisons*, No. 05-2295, 2007 WL 666517, at *3 (D.D.C.

11

Mar. 2, 2007) (declining to find a waiver under 28 C.F.R. § 16.97(k) in part because "the language of the waiver provision is permissive, and it is BOP's decision to waive the exemption in whole or in part").

It is settled that information maintained in the BOP's Inmate Central Record System is exempt from the Privacy Act's amendment and accuracy provisions. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming dismissal of a Privacy Act claim against the BOP because it had exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act); *White v. U.S. Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) ("Under regulations . . . BOP inmate records systems are exempt from the amendment provisions of the [Privacy] Act."); *Mosby v. Hunt*, No. 09-1917, 2010 WL 1783536, at *5 (D.D.C. May 5, 2010); *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 30 (D.D.C. 2008). The BOP establishes that all sentencing-related information in SENTRY originates from sentence computation information maintained in the Inmate Central Record System. "[C]ourts in this Circuit have held that plaintiffs are effectively barred from obtaining any remedy, including damages, under subsection (g), for BOP's alleged failure to maintain records pertaining to [them] with the mandated level of accuracy." *Elliott v. Fed. Bureau of Prisons*, 521 F. Supp. 2d 41, 56 (D.D.C. 2007) (citations and internal quotation marks omitted).

For these reasons, plaintiff cannot achieve amendment of SENTRY records through this Privacy Act suit. *See Jennings v. Fed. Bureau of Prisons*, 657 F. Supp. 2d 65, 72 (D.D.C. 2009) ("[I]nsofar as plaintiff seeks damages for the BOP's failure to maintain records in its Inmate Central Record System pertaining to him with the requisite level of accuracy and completeness, damages are not available."); *Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 65

(D.D.C. 2009) ("Having exempted its records from the substantive provision regarding the agency's recordkeeping obligations, BOP effectively deprives litigants of a remedy for any harm caused by the agency's substandard recordkeeping."); *Collins v. Fed. Bureau of Prisons*, No. 5:06cv129-DCB-MTP, 2007 WL 2433967, at *3 (S.D. Miss. Aug. 2, 2007) (Magistrate Report and Recommendation concluding that plaintiff is not entitled to monetary or injunctive relief on a Privacy Act claim challenging accuracy of records maintained in BOP's Central Inmate Record System).

There are two additional bases for dismissing plaintiff's Privacy Act claim. First, "[a] ruling in [p]laintiff's favor on [his] Privacy Act claim would have an impact on the duration of his confinement, and a challenge of this nature is properly brought in a petition for a writ of habeas corpus," not by way of a suit brought under the Privacy Act. *Brown v. Bureau of Prisons*, 498 F. Supp. 2d 298, 303 (D.D.C. 2007) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)); *see White v. U.S. Probation Office*, 148 F.3d at 1126 (holding that a federal prisoner cannot collaterally attack his sentence by means of a claim for damages under the Privacy Act unless the sentence has been invalidated in a prior proceeding). Second, plaintiff fails to establish the existence of a false, inaccurate, irrelevant, untimely or incomplete BOP record pertaining to his sentence. As this Court already has ruled, plaintiff has litigated, and lost, the issue of the date on which the CCE offense concluded. *Truesdale v. United States Dep't of Justice*, 657 F. Supp. 2d at 226. He does not establish that information with respect to the date of offense as reflected in the BOP's SENTRY records is inaccurate, and he cannot relitigate the issue in the context of this Privacy Act suit.

## II. CONCLUSION

The Court concludes that the DOJ has not demonstrated its compliance with the FOIA with respect to FOIA Request No. 2004-2303, and that the relief plaintiff demands under the Privacy Act is not available. Accordingly, defendant's renewed motion to dismiss or, in the alternative, for summary judgment will be granted in part and denied in part.

An appropriate Order accompanies this Opinion.

DATE: August 13, 2010

/s/
PAUL L. FRIEDMAN
United States District Judge