UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ALVIN B. TRUESDALE,                 )
                                    )
          Plaintiff,              )
                                    )
   v.                              )   Civil Action No. 08-1862 (PLF)
                                    )
UNITED STATES DEPARTMENT            )
OF JUSTICE, *et al.*,               )
                                    )
          Defendants.             )
_____ )

OPINION

        In its September 29, 2009 Opinion and Order, the Court dismissed all defendants except the United States Department of Justice ("DOJ" or "defendant"), and dismissed all but two claims: one under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, with regard to FOIA Request No. 2004-02303 which had been directed to the Federal Bureau of Prisons ("BOP"), and another under the Privacy Act, 5 U.S.C. § 552a, with regard to plaintiff's demand for amendment of records maintained in the BOP's SENTRY database. *See Truesdale v. United States Dep't of Justice*, 657 F. Supp. 2d 219, 227-29 (D.D.C. 2009). The Privacy Act claim since has been resolved, *see Truesdale v. United States Dep't of Justice*, 731 F. Supp. 2d 3, 8-11 (D.D.C. 2010), and this matter is before the Court for resolution of the FOIA claim.[1]

---

[1] Also before the Court are plaintiff's Motion for an Emergency Injunction and Restraining Order Forthwith [Dkt. #100] and his motions for extensions of time [Dkt. #104, 106], all of which will be denied.

I. BACKGROUND

Plaintiff and his co-defendants "were convicted of participation in a cocaine conspiracy, in violation of 21 U.S.C. § 846. The ringleader, Alvin Truesdale, was also convicted of maintaining a continuing criminal enterprise (CCE), in violation of 21 U.S.C. § 848, and several other federal offenses." *United States v. McManus*, 23 F.3d 878, 880 (4th Cir. 1994). Plaintiff has been in BOP custody since April 1993, and he currently is serving a term of life plus 25 years' imprisonment. Declaration of Alvin B. Truesdale [Dkt. # 91] at 1.

Plaintiff submitted a FOIA request, addressed to the DOJ's Justice Management Division ("JMD"), FOIA/PA Mail Referral Unit ("MRU"), on or about August 28, 2003. Defendant U.S. Department of Justice's Renewed Motion for Summary Judgment ("Def.'s Mot."), Declaration of Vanessa R. Brinkmann ("Brinkmann Decl.") ¶ 3. The request, which was assigned Request No. 2004-02303, sought the following information:

> A copy of any and all documents that shows the Attorney General of the United States established in the Department of Justice a repository of records of requester CCE (21 USC § 848) conviction and all records that determine the [v]alidity and/or the invalidation of said conviction.
>
> A copy of any and all certified records of the requester's CCE conviction that shows [i]nvalidation or validity of said conviction. See 18 USC § 3661(a) (b) (c) [sic].

*Id.*, Brinkmann Decl., Ex. A (FOIA/PA Request dated August 28, 2003).[2] JMD MRU staff directed plaintiff's request to the BOP, which returned the request to the DOJ's Office of

---

[2] Plaintiff argues that defendant has violated both the FOIA and the Privacy Act with respect to requests which are not relevant to this action, *see generally* Memorandum of Points and Authorities in Support of Plaintiff['s] Response to the Defendant's Fourth Set of Dispositive Motions for Summary Judgment [Dkt. #91] at 14-43, and the Court will not address these arguments further.

Information Policy ("OIP") in January 2011. *Id.,* Brinkmann Decl. ¶ 3. The OIP assigned the matter a new tracking number, AG/11-00086 (P). *See id.*, Brinkmann Decl., Ex. B (Letter to plaintiff from V.R. Brinkmann, Counsel, Initial Request Staff, OIP, DOJ, dated February 15, 2011).

OIP and its staff are "responsible for processing FOIA requests seeking records from within OIP and from seven senior leadership offices of the [DOJ], specifically the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legal Policy, Legislative Affairs, Intergovernmental and Public Liaison, and Public Affairs." Def.'s Mot., Brinkmann Decl. ¶ 1. They "determine[] whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA." *Id.*

OIP staff concluded that plaintiff sought "records pertaining to 18 U.S.C. § 3662, which states that the Attorney General 'is authorized to establish in the [DOJ] a repository for records of convictions and determinations of the validity of such convictions.'" Def.'s Mot., Brinkmann Decl. ¶ 4 (quoting 18 U.S.C. § 3662(a)).[3] "Based upon information from defendant's counsel, as well as OIP's own research, OIP interpreted plaintiff's request as seeking records pertaining to and/or contained within the repository referenced in the statute," and processed the request "on behalf of the Office of the Attorney General." *Id.*, Brinkmann Decl. ¶ 4.

The Departmental Executive Secretariat maintains a central electronic database, the Intranet Quorum ("IQ"), "to control and track certain incoming and outgoing correspondence

---

[3] OIP staff proceeded as if plaintiff's reference to 18 U.S.C. § 3661 were a typographical error. *See* Defendant U.S. Department of Justice's Statement of Material Facts Not In Dispute in Support of its Renewed Motion for Summary Judgment ¶ 2. "Section 3661 has nothing to do with the Attorney General or a repository of records, and instead pertains to the information that a court can consider during sentencing." *Id.*

3

for the [DOJ's] senior management offices." Def.'s Mot., Brinkmann Decl. ¶ 5. Trained Executive Secretariat analysts enter records received by senior management offices into the IQ, and each entry includes "such items as the date of the document, the date of receipt, the sender, the recipient, as well as a detailed description of the subject of the record." *Id.*, Brinkmann Decl. ¶ 5. An entry may include "what action is to be taken . . ., which component has responsibility for that action, and when that action should be completed." *Id.*, Brinkmann Decl. ¶ 5. "Key word searches . . . may then be conducted by utilizing a single search parameter," such as a subject, organization, date, or name, or by utilizing a combination of search parameters. *Id.*, Brinkmann Decl. ¶ 5. In this instance, the assigned FOIA Specialist searched the IQ using the terms "Alvin B. Truesdale," "Alvin Truesdale," "18 USC 3662," "18 U.S.C. 3662," and "repository AND records." *Id.*, Brinkmann Decl. ¶ 5. The search yielded neither records pertaining to a repository nor records pertaining to plaintiff's conviction. *Id.*, Brinkmann Decl. ¶ 5.

"In an effort to identify whether another component within the [DOJ] would maintain the records sought by plaintiff, the FOIA Specialist . . . contacted a [DOJ] research librarian, who commenced a search for the repository of records cited in plaintiff's request." Def.'s Mot., Brinkmann Decl. ¶ 6. The librarian "researched the legislative history of 18 U.S.C. § 3662, the Federal Register, and the Department's history for the establishment of a repository of records under 18 U.S.C. § 3662," and located "[n]o repository of records responsive to plaintiff's request." *Id.*, Brinkmann Decl. ¶ 6.

Finally, based on the FOIA Specialist's research and the librarian's suggestion "that the [Federal Bureau of Investigation ("FBI")] would be the component most likely to

4

maintain the repository referenced in 18 U.S.C. § 3662," the specialist "researched the publicly available list of the systems of records maintained by the [DOJ], as well as the publicly available file classification list of the [FBI]," and still found no responsive records. Def.'s Mot., Brinkmann Decl. ¶ 7. OIP then notified plaintiff of its results. *Id.,* Brinkmann Decl. ¶ 8; *see id.*, Brinkmann Decl., Ex. B.

## II. DISCUSSION

### *A. Summary Judgment Standard*

The Court grants a motion for summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits or declarations show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). "In a suit brought to compel production, an agency is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class

requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'" *Students Against Genocide v. Dep't of State*, 257 F. 3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978)). The Court may grant summary judgment based solely on information provided in an agency's supporting affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see Beltranena v. Clinton*, 770 F. Supp. 2d 175, 182 (D.D.C. 2011). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

*B. Defendant's Search for Responsive Records*

An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. United States Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citations and internal quotation marks omitted). "The issue in a FOIA case is not whether the [agency's] searches uncovered responsive documents, but rather whether the searches were reasonable." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citations omitted). To meet its

6

burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). The affidavits or declarations must describe "what records were searched, by whom, and through what processes, *Steinberg v. Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994), and must show that the search was "reasonably calculated to uncover all relevant documents." *Wilderness Soc'y v. U.S. Dep't of the Interior*, 344 F. Supp. 2d 1, 20 (D.D.C. 2004). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Perry v. Block*, 684 F.2d at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

Defendant's declarant explains that, based on the language of plaintiff's FOIA request, information provided by defendant's counsel, and research conducted by OIP staff, OIP construed plaintiff's request as one seeking records pertaining to and contained within a records repository established under 18 U.S.C. § 3662. The official repository of records for the Office of the Attorney General, the declarant states, is the Departmental Executive Secretariat, and a search of its electronic database using search terms including plaintiff's name yielded no responsive records. In an effort to identify other places where responsive records may have been maintained, the declarant explains that OIP enlisted the help of a research librarian who found no repository of records established under 18 U.S.C. § 3662. Lastly, the declarant states that OIP staff examined a list of the systems of records maintained by the DOJ and a file classification list of the FBI, neither of which mentioned a records system referenced in 18 U.S.C. § 3662. In the

end, "no records system identifiable to the repository referenced in plaintiff's request had been located." Def.'s Mot., Brinkmann Decl. ¶ 8.

Plaintiff challenges defendant's search on two related grounds. First, he argues that the Brinkmann declaration "is insufficient" because "[s]he cannot testify as to whether or not the material [he seeks] is stored outside of the Departmental Executive Secretariat database or the DOJ's public or non-public system of records maintained by other government agencies such as FBI, BOP, EOUSA, DEA, ATF[,] etc." Memorandum of Points and Authorities in Support of Plaintiff['s] Response to the Defendant's Fourth Set of Dispositive Motions for Summary Judgment [Dkt. #91] ("Pl.'s Opp'n") at 6. Second, plaintiff argues that defendant wrongfully limited its search to records maintained by the Office of the Attorney General and thus failed to search for responsive records which may have been maintained by other DOJ components, namely the FBI, BOP, Bureau of Alcohol, Tobacco, Firearms and Explosives, Drug Enforcement Administration, and the Executive Office for United States Attorneys. *Id.* at 10.

Defendant submits the Brinkmann declaration for the purpose of explaining the search for records thought to be maintained by the Office of the Attorney General. It is made "on the basis of personal knowledge, as well as on information [the declarant] acquired . . . in the course of performing [her] official duties." Def.'s Mot., Brinkmann Decl. ¶ 2. The declarant "supervise[s] the handling of the [FOIA] requests processed by OIP," among which are those seeking records from the Office of the Attorney General. *Id.*, Brinkmann Decl. ¶ 1. "[A]n agency may rely on an affidavit of an agency employee responsible for supervising the search," *Maynard v. Cent. Intelligence Agency*, 986 F.2d 547, 560 (1st Cir. 1993), even if that individual did not conduct the search herself. *Holt v. U.S. Dep't of Justice*, 734 F. Supp. 2d 28, 38 (D.D.C.

8

2010); *Barnhard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008); *see SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d at 1201 (noting that the individual in charge of a search is "the most appropriate person to provide a comprehensive affidavit" and she may rely on information provided by third-parties with personal knowledge of the search efforts) (citing *Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir. 1986))); *see also Jarvik v. Cent. Intelligence Agency*, 741 F. Supp. 2d 106, 122 (D.D.C. 2010) (denying request to depose agency declarant to determine basis of his personal knowledge because, typically, the employee who supervises a FOIA search is deemed to have personal knowledge of the search). The declarant makes no representations regarding records maintained by other DOJ components, and cannot be expected to do so.

Plaintiff previously asserted that his "Request No. 2004-02303 was a request directly to the United States Department of Justice . . . for United States Attorney General records." Memorandum of Points and Authorities in Support of Plaintiff Response to the Defendants Renewed Motion to Dismiss, or in the Alternative, for Summary Judgment and Memorandum of Points and Authorities ("Pl.'s Mem.") [Dkt. #82] at 9; *see id.* at 23 (stating that plaintiff "sought without a doubt, responsive FOIA/PA material from the records or repository of the Attorney General of the United States based on his August 28, 2003 request"); Memorandum of Points and Authorities in Support of Plaintiff[] Alvin B. Truesdale['s] Response to the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Pl.'s Resp.") [Dkt. #63] at 2 ("The request is a request for the United States Attorney General records . . . not a request to the BOP or its Director."). Plaintiff also has made clear that the repository to which he referred was that authorized under 18 U.S.C. § 3662. *See* Pl.'s Mem. at 22, 26; *see also* Pl.'s

Resp. at 14 (stating that the "U.S. Attorney General or a professional employee in the U.S. Attorney General Office in Washington, D.C., is required to conduct a search in 2004-02303"). Plaintiff cannot now complain that defendant's response to his request focused only on records maintained by the Attorney General. *See* Pl.'s Mem. at 26 (clarifying that "Request No. 2004-02303 had not[h]ing to do with the BOP"); Pl.'s Resp. (Declaration of Alvin B. Truesdale) ¶ 2 ("I filed FOIA/PA request 2004-02303 . . . for United States Attorney General Office records.").

The DOJ is under no obligation to search every system of records which might conceivably hold responsive records. *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). In light of plaintiff's clarification of his request – that is, his insistence that the records he seeks were or should have been maintained by the Attorney General – defendant's decision to limit its search to the official records repository for the Office of the Attorney General was reasonable under the circumstances. "Once the agency has shown that its search was reasonable, the burden shifts to [the plaintiff] to rebut [the defendant's] evidence . . . either by contradicting the defendant's account of the search procedure or by raising evidence of the defendant's bad faith." *Moore v. Aspin*, 916 F. Supp. at 35-36 (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383-84 (8th Cir. 1985)). Here, plaintiff offers nothing more than speculation as to the agency's bad faith. *See* Pl.'s Opp'n at 12 (claiming that defendant destroyed responsive records); *see generally id.* at 22-26, 32, 34-40 (alleging bad faith in responding to his FOIA request and in this litigation). Such unsubstantiated assertions do not overcome the presumption of good faith afforded the agency's declaration. *See Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006) (finding the requester's "assertion that an adequate search would have yielded more documents is mere speculation" and affirming

district court's decision that agency's search procedure was "reasonably calculated to generate responsive documents").

### III. CONCLUSION

The Court concludes that defendant has demonstrated its full compliance with the FOIA by conducting a reasonable search for records responsive to FOIA Request No. 2004-02303. Accordingly, its renewed motion for summary judgment will be granted. An appropriate Order accompanies this Opinion.

DATE: August 17, 2011

/s/
PAUL L. FRIEDMAN
United States District Judge